**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| DocRx, Inc., | )<br>) |
| Plaintiff, | ) No. CV-14-00815-PHX-PGR<br>) |
| vs. | )<br>) ORDER |
| DocRx Dispense, Inc., et al., | )<br>) |
| Defendants. | )<br>) |

In its Default Judgment Opinion and Permanent Injunction Order (Doc. 28), the Court awarded plaintiff DocRx, Inc. its reasonable attorneys' fees and costs solely pursuant to the Lanham Act, 15 U.S.C. § 1117(a), on the basis that this was an exceptional trademark case because defendants DocRx Dispense, Inc. and Martin V. Olson had engaged in willful, deliberate trademark infringement. Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 31), wherein it seeks a total award of $40,678.79, consisting of $40,504 in attorneys' fees, which includes $5,940 for the preparation of this fee motion, and $174.79 in non-taxable related costs. Having reviewed the motion, the Court, in the exercise of its "great deal of discretion in determining the reasonableness of the fee[,]" Gates v. Deukmejian, 987 F.3d 1392, 1398 (9th Cir.

1992), concludes that the plaintiff is entitled to a total award pursuant to § 1117(a) of $29,714.69.

The plaintiff prevailed on all of its Lanham Act and non-Lanham Act claims in its First Amended Complaint and seeks recovery of all of its attorneys' fees incurred in prosecuting this action. The general rule is that the recovery of fees pursuant to § 1117(a) is limited to work related to Lanham Act claims and that legal fees incurred in litigating non-Lanham Act claims cannot be awarded unless those claims are found to be so inextricably intertwined that it is impossible to differentiate between them. Gracie v. Gracie, 217 F.3d 1060, 1069-70 (9th Cir.2000). The Court concludes that because the factual and legal bases of the non-Lanham Act claims are substantially identical to those of the Lanham Act claims, given that all of the claims arose out of the same facts and occurrences, the claims are inseparable for purposes of apportioning fees between the plaintiff's Lanham Act and non-Lanham Act claims and that any attempt by the Court to apportion and exclude fees incurred in prosecuting the non-Lanham Act claims would be meaningless.

The plaintiff argues that its requested fees are reasonable under the standard set forth in Schweiger v. China Doll Restaurant, Inc., 673 P.2d 927 (Ariz.App.1983). The Court notes that the Schweiger rule only governs attorneys' fees awarded under Arizona law, not those awarded pursuant to the Lanham Act. Skydrive Arizona, Inc. v. Quattrocchi, 2011 WL 1004945, at * 2 (D.Ariz. March 22, 2011). Under the governing federal law, reasonable attorneys' fees are based on the lodestar calculation method of Hensley v. Eckerhart, 461 U.S. 424 (1983), which requires a determination based on multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Secalt S.A. v. Wuxi Shenxi Construction Machinery Co., 668 F.3d 677, 689 (9th Cir.2012).

With regard to the plaintiff's counsels' experience and their hourly rates billed to and paid by the plaintiff in this litigation, the plaintiff has submitted a declaration from Joseph Adams, its lead counsel, wherein he states the following: that he has been practicing intellectual property litigation since 1998, that he is a partner in his law firm, Snell & Wilmer, and that his hourly billing rate for this litigation was $480 in 2014 and $490 in 2015; that Kelly Kszywienski has been practicing commercial litigation at Snell & Wilmer since 2007 and is a partner in the law firm, and that her hourly billing rate was $370 in 2014; that Joy Isaacs has been practicing commercial litigation at Snell & Wilmer since 2013 and is an associate in the law firm, and that her hourly billing rate was $195 in 2014 and $225 in 2015. Adams' declaration further states that Teresa George has been a litigation paralegal at Snell & Wilmer since 2013 and that her hourly billing rate was $150 in 2014, and that Maureen Zachow has been a litigation paralegal at Snell & Wilmer since 1997 and that her hourly billing was $210 in 2014. The Court concludes that the requested hourly rates are reasonable in that they sufficiently reflect the prevailing market rates in the Phoenix community for legal professionals with comparable experience.

With regard to the reasonableness of the hours expended in litigating this action through early February 2015 (which is when the submitted time sheets end), the plaintiff is seeking payment for 119.3 hours expended by counsel and 4.2 hours expended by the paralegals. Joseph Adams' declaration states that in preparing the submitted time sheets he has "excluded or reduced certain additional charges that could be deemed duplicative or excessive[,]" but the amounts and dates of those charges are not specified. Notwithstanding this claimed reduction, which the Court presumes was done in good faith, the Court is obligated to exclude from its fee calculation those hours that it believes were not reasonably expended, *i.e.* hours that

are excessive, redundant, or otherwise unnecessary. <u>Hensley</u>, 461 U.S. at 433-34.

Having reviewed the submitted time sheets, the Court concludes that proper billing judgment was not sufficiently exercised by the plaintiff's counsel in that excessive hours were expended in preparing certain documents. The first issue that the Court has is that Ms. Isaacs, between August 20, 2014 and September 3, 2014, spent 17.1 hours, for which the plaintiff is seeking $3,733.50, preparing a "motion for extension of time to file entry of default judgment and motion for preliminary injunction." The Court concludes that this time incurred by Ms. Isaacs is non-compensable in its entirety because no motion for preliminary injunction was ever filed, and although the plaintiff did file a three-page Motion to Conduct Limited Third-Party Discovery and to Extend Time for Filing Motion for Default Judgment on September 4, 2014, Mr. Adams billed $720 for 1.5 hours of work preparing that motion on September 4th. Because the Court concludes that any time spent on seeking an extension of the Court's deadline for filing a default judgment motion above the 1.5 hours incurred by Mr. Adams would be excessive, the Court will reduce the fee award by $3,733.50.

The second excessive time-related issue the Court has is with the amount of time the plaintiff's counsel incurred in preparing the default judgment motion. A review of the time sheets reveals that counsel, between July 14, 2014 and December 19, 2014, spent 37.4 hours, for which the plaintiff seeks $8,604, strategizing, researching, drafting, revising and reviewing the plaintiff's default judgment motion (an eight page memorandum), and three declarations (totaling some 4½ pages).[1] The Court will reduce the $8,604 figure by $1,290.16 (15%) to

---

[1] The Court is not including in the 37.4 hours calculation those time entries solely related to third-party discovery, and conferences/discussions with the

1  compensate for the excessive hours.

2      The plaintiff is also seeking the amount of $5,940 for the 23 hours it states that its counsel incurred post-April 2015 in the preparation of this fee motion. The plaintiff argues that it is entitled to such fees pursuant to Arizona law, citing to the Arizona Court of Appeals decision in Schweiger, but Arizona law does not govern this federal issue. But even assuming that federal law permits such fees, the Court declines to award any fees for drafting the fee motion because the plaintiff has failed to provide any time sheets supporting the claimed hours, which are in any case excessive given the contents of the motion. Without such supporting documentation, the Court cannot determine how the hours were expended, who did the work, or how much was billed for each task. *See* Gates v. Deukmejian, 987 F.2d at 1397 ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.")

14      Based on the above, the Court concludes that the appropriate lodestar amount for purposes of the attorneys' fee award is $29,539.90 (the requested amount of $40,504 - $10,964.10 in reductions.) The Court further concludes that no adjustment of this amount is appropriate based on the factors of Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), which have not already been subsumed in the lodestar calculation.

20      The plaintiff is further seeking the sum of $174.79 for its non-taxable related expenses. The Court will award these expenses because it concludes that the plaintiff is entitled to recover its non-taxable expenses under § 1117(a), Scalt S.A. v. Wuxi Shenxi Construction Machinery Co., 668 F.3d at 690, and that the plaintiff properly incurred the expenses it seeks to recover and has properly documented

---

plaintiff's principal and non-party declarants related to the default judgment motion.

those expenses. Therefore,

IT IS ORDERED that Plaintiff's Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 31) is granted to the extent that plaintiff DocRx, Inc. is awarded the sum of $29,539.90 for its attorneys' fees and the sum of $174.79 for its non-taxable expenses, for a total award of $29,714.69 from defendants DocRx Dispense, Inc. and Martin V. Olson, jointly and severally.  The awarded amount shall bear interest from the date this Order is entered until paid at the statutory rate set by 28 U.S.C. § 1961(a).

DATED this 28th day of June, 2015.

_____
Paul G. Rosenblatt
United States District Judge